UNI0TED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-P209-S
CRIMINAL ACTION NO. 3:00CR-120-S

TIMOTHY DICKERSON                                             MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

MEMORANDUM OPINION

The movant, Timothy Dickerson, filed a *pro se* motion to vacate, set aside or correct his

sentence pursuant to 28 U.S.C. § 2255 (§ 2255).  By Memorandum Opinion and Order entered

May 16, 2006, the Court concluded that the motion should be denied as time barred but provided

the movant with an opportunity to respond (DN 3).  The movant filed a response on June 5,

2006, (DN 4), which the Court has reviewed.  For the reasons that follow, the movant's § 2255

motion will be dismissed as time barred.

## I.  BACKGROUND

The movant was represented by Mr. Patrick Bouldin of the Louisville Public Defender's

Office.  On April 16, 2001, following the movant's plea of guilty, he was sentenced to 240

months of incarceration for conspiracy with the intent to distribute cocaine, marijuana and crack

cocaine.  The judgment and order of commitment were entered by the Court on April 25, 2001.

The movant did not file a direct appeal of his conviction.  The movant asserts that this was the

result of "ignorance and confusion on [his] part" and "a lack of communication between

[himself] and Mr. Bouldin."  Specifically, he explains that immediately "after [his] sentence was

pronounced and just before [he] left the courtroom [he] told Mr. Bouldin to come to the jail so

that [they] could talk about appealing [his] sentence." According to the movant, Mr. Bouldin assured him that he would do so, but never appeared. The movant further states that "I did want to appeal my sentence and for the most part thought that the clerk of the court had filed the necessary Notice of Appeal." The movant did not explain in either his original motion or in response to the Court's show cause order when or how he discovered that no notice of appeal had been filed in his criminal case or why it took him almost five years to discover this fact.

Instead, in his response to this Court's show cause order, the movant argues that the Court should entertain his motion regardless of its untimeliness because it is based on the ineffective assistance of appellant counsel. The movant explains: "Movant simply takes the position that failure to address the constitutional claim of ineffective assistance of appellant counsel raised in the instant § 2255, where counsel failed to file a notice of appeal thereby denying the movant his statutory right to a first appeal and due process of law strongly suggests that equitable tolling is appropriate in the case at bar."

## II. ANALYSIS

A threshold issue for § 2255 motions is whether the motion is filed within the one-year limitations period. The limitations period under § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

"[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment . . . ." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Thus, the one-year period in this case began running on May 9, 2001. The movant, however, did not file his § 2255 motion until April 22, 2006,[1] almost five years after the one-year statute of limitations began running.

The one-year limitations period is not jurisdictional and is subject to the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly." *Dunlap*, 250 F.3d at 1008-09.

To determine the appropriateness of equitably tolling the statute of limitations, a district court must consider the following five factors: (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 1010 (applying the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The movant dated his application on April 22, 2006, and it was received by the Court on April 25, 2006. Thus, it must have been handed to prison officials for mailing at some time between April 22 and April 25. For purposes of this case, the Court gave the movant the benefit of the earliest possible filing date.

3

The *Andrews* list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003) (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)).

The movant argues that his attorney's failure to file a direct appeal constitutes ineffective assistance of counsel and serves as grounds for equitable tolling of the statute.  Although the movant acknowledges that at some point it became obvious to him that no notice of appeal had been filed, he claims that his ignorance of the rules of civil procedure kept him from being able to act within the statutorily mandated time periods for pursuing either relief on direct appeal or by way of a § 2255 motion.

Though lack of actual notice and constructive knowledge of the statute of limitations are factors to be considered by a court when it determines the appropriateness of equitably tolling a statute of limitations, the Sixth Circuit has recognized that ignorance of the law does not excuse prompt filing.  *Allen*, 366 F.3d at 403; *Price v. Jamrog*, No. 03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (holding that ignorance of the law does not excuse the late filing of a habeas corpus petition) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999) which held that "ignorance of the law even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . , there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

Additionally, the movant has failed to establish that he diligently pursued his rights. Movant was sentenced in 2001.  None of the legal correspondence that the movant attached to

his motion predates November 2005.  The movant has not offered any explanation why he was prevented from taking action or inquiring about his case in the four and half years between the time his sentence was imposed in April 2001 and when he began attempting to gather information about the status of his case in November 2005.  This behavior suggests a lack of diligence.  *See Dunlap*, 250 F.3d at 1010 ("Petitioner's inability to explain why he did not file his third petition until over two months outside of the statute of limitations, more than fourteen months after his conviction was final, suggests a lack of due diligence.").

The fourth factor, whether respondent was prejudiced by the delay in filing, is irrelevant here as the Court does not consider this factor unless it identifies another factor that might justify tolling.  *Vroman*, 346 F.3d at 605 (citing *Andrews*, 851 F.2d at 151).

With respect to the final factor, the movant's reasonableness in remaining ignorant of the legal requirement for filing his motion, he merely repeats arguments previously made and rejected by this Court.

The movant has failed to allege any facts or circumstances that would warrant application of equitable tolling in this case after having been provided ample opportunity to do so by the Court.  Therefore, his 28 U.S.C. § 2255 motion must be denied as time barred.

 Date:

cc:      Movant, *pro se*
         U.S. Attorney
         4411.008

5